**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. ELIZABETH D. HOLT, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 18-CV-00860 |
| vs. | ) ) | |
| MEDICARE MEDICAID ADVISORS, INC., MEDICARE MEDICAID ADVISORS USA, INC., CAREFREE INSURANCE INC., AETNA INC., HUMANA INC., BLUE CROSS BLUE SHIELD OF KANSAS CITY and UNITEDHEALTHCARE INSURANCE COMPANY | ) ) ) ) ) ) ) | |
| Defendants. | | |

_____

**PLAINTIFF-RELATOR HOLT'S MOTION FOR RECONSIDERATION OF THE AUGUST 22, 2022 ORDER GRANTING MOTIONS TO DISMISS**

Plaintiff-Relator Elizabeth D. Holt ("Relator"), through her undersigned counsel, pursuant to Fed. R. Civ. P. 59(e), moves this Court to GRANT this Motion for Reconsideration, modify the existing motion to dismiss decision to address Relator's fraudulent inducement theory, hold that Relator has set forth a viable fraudulent inducement theory as to each Defendant, and deny Defendants' motions to dismiss on that theory. In support of this Motion, Relator states as follows:

1. While plaintiff respectfully disagrees with the logic supporting the dismissal of the implied certification theory of False Claims Act ("FCA") liability, she seeks reconsideration of the Court's order as to the fraudulent inducement theory.

2. Defendants moved to dismiss all claims in the Second Amended Complaint ("SAC"), but ignored the fraudulent inducement theory and the Eighth Circuit's binding authority

1

that when a relator alleges liability under a fraudulent inducement theory, claims for payment subsequently submitted under a contract initially induced by fraud do not have to be false or fraudulent in and of themselves in order to state a cause of action under the FCA.

3.      For the reasons explained in Relator's Suggestions in Support of this Motion, which Relator incorporates fully as if set forth here, the SAC plausibly alleges a fraudulent inducement theory against each Defendant that is supported by allegations that are pled with specificity under Rule 9(b), and that this Court must address.

WHEREFORE, Relator prays that this Court **GRANT** her Motion for Reconsideration, modify the motion to dismiss decision to address Realtor's fraudulent inducement theory, hold that Relator has set forth a viable fraudulent inducement theory as to each Defendant, and deny Defendant's motion to dismiss on that theory.

Dated: September 20, 2022

By: ____ /s/ *Kara A. Elgersma* _____
Kara A. Elgersma
Wexler, Boley & Elgersma LLP
311 S. Wacker, Suite 5450
Chicago, Illinois  60606
(312) 346-2222
kae@wbe-llp.com

Tyler W. Hudson, MO Bar #53585
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO  64112
Tel (816) 701-1100
Fax (816) 531-2372
thudson@wcllp.com

James J. Pepper
The Pepper Law Firm, LLC
68 E. Court Street, Suite 2A
Doylestown, Pennsylvania  18901
(215) 340-2500
pepper@jamespepperlaw.com

*Counsel for Plaintiff-Relator*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2022, I electronically filed the foregoing document using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

*/s/ Kara A. Elgersma*