IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. ELIZABETH D. HOLT, <br><br>           Relator, <br><br>v. <br><br>MEDICARE MEDICAID ADVISORS, INC., et al.. <br><br>           Defendants. | Case No. 18-cv-00860-DGK |

**ORDER DENYING MOTION FOR RECONSIDERATION**

This is a *qui tam* action brought by Relator Elizabeth Holt ("Relator"), a former employee of Defendant Medicare Medicaid Advisors, Inc. ("MMA"), an insurance brokerage. In the operative Second Amended Complaint ("the Complaint"), Relator alleged MMA violated the False Claims Act, 31 U.S.C. § 3729(a)(1), in fraudulently certifying its insurance agents who marketed Medicare Advantage plans as well as in how it marketed those plans to seniors. *See* Compl., ECF No. 27.

The Court previously issued an omnibus order, ECF No. 101, granting Defendants' motions to dismiss. The Court ruled dismissal with prejudice was appropriate because: (1) the Complaint failed to sufficiently allege a false claim was presented to the Government for payment, or that any false statements made were material to the Government's decision to make such payments; (2) the Complaint failed to plead Relator's allegations with the requisite particularity; and (3) amending the Complaint would be futile.

Now before the Court is Relator's Motion for Reconsideration of the August 22, 2022 Order Granting Motions to Dismiss. ECF No. 103. Relator asks the Court to consider an alleged

"fraudulent inducement theory" she contends was included in the Complaint, but which Defendants ignored in their motions to dismiss, so the Court has never ruled on, or even considered, such a theory. Relator contends the Complaint plausibly alleged a fraudulent inducement theory against each Defendant, and that these allegations are pled with specificity under Rule 9(b). Alternately, Plaintiff asks for leave to amend the Complaint to add a fraudulent inducement claim.

The Federal Rules of Civil Procedure do not include a "motion for reconsideration." *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co.*, No. 3:09-cv-05078-DGK, 2010 WL 3522476, at *1 (W.D. Mo. Sept. 2, 2010). "Such motions are usually construed as either a Rule 59(e) motion to alter or amend the judgment, or a Rule 60(b) motion for relief from a final judgment, order, or proceeding." *Id*.

Motions brought pursuant to Rule 59(e) "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citations omitted). They cannot be used to introduce evidence that could have been offered during the pendency of the motion, or "to raise arguments which could have been raised prior to the issuance of the judgment." *Id*. (holding district court did not err in failing to grant defendant's motion to alter the judgment because defendant could have raised its argument regarding the appropriate remedy while the motion for summary judgment was first pending).

Rule 60(b) motions may be used to reconsider a final order on certain enumerated grounds such as excusable neglect, fraud, newly discovered evidence, or "any other reason that justifies relief." A party moving for reconsideration pursuant to any portion of Rule 60(b) must "establish 'exceptional circumstances' to obtain the 'extraordinary relief' the rule provides." *DeWit v.*

*Firstar Corp.*, 904 F. Supp. 1476, 1496 (N.D. Iowa 1995) (quoting *United States v. One Parcel of Prop. Located at Tracts 10 and 11 of Lakeview Heights, Canyon Lake, Cnty., Texas*, 51 F.3d 117, 119 (8th Cir. 1995)).

Relator contends the Complaint set forth a fraudulent inducement theory of liability, although she does not identify any particular part of the Complaint which sets forth such an allegation. In fact, the word "inducement" does not appear anywhere in the Complaint.[1] Relator attempts to side-step this problem by arguing that her briefs opposing the motions to dismiss "established that the [Complaint] plausibly alleges a fraudulent inducement theory," and the same facts cited in support of her other theories of liability support a fraudulent inducement theory as well. Suggestions in Supp. at 3, ECF No. 104.

Relator's argument is meritless. Relator never pled the claim she now advances; the Complaint simply contains no fraudulent inducement claim. And allegations that are not included in the operative complaint cannot be considered on a motion to dismiss. *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019). The fact that Relator's briefing on her motion to reconsider cites almost exclusively to her opposition briefs and barely to the Complaint, is telling.

The Court holds Relator's alternate request—to permit her to amend the Complaint to add a fraudulent inducement claim—would be futile. The Court's holdings on materiality (that none of Defendants' statements were material) and presentment (that Defendants never made a "claim" for the Government to pay money) made in its rulings on the motions to dismiss would be just as

---

[1] Of course, the word "induce" does appear once in the Complaint—in a paragraph describing the elements of an Anti-Kickback Statute violation: "The Anti-Kickback Statute prohibits parties who participate in federal health care programs from knowingly and willfully offering, paying or receiving any remuneration in order to induce the recommendation of any item for which payment is made in who[le] or in part under a covered federal health care program." Compl. ¶ 361. This use of "induce" is not an assertion of a fraudulent inducement theory of liability.

fatal to any fraudulent inducement claim as they were to the false certification and Anti-Kickback Statute claims. Hence, amending the Complaint would be pointless.

Because Relator has failed to show that reconsideration is warranted, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: June 2, 2023              /s/ Greg Kays
                                 GREG KAYS, JUDGE
                                 UNITED STATES DISTRICT COURT